UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ILYA AZARYEV, et al., )<br>*Qui Tam for the United States*, )<br>   ) <br>   Plaintiffs,   ) <br>   ) <br>   ) <br>   v.   ) <br>   ) <br>   ) <br> KAREN B. WOLFF, et al.,   ) <br>   ) <br>   Defendants.   ) | Civil Action No.  1:25-cv-03300 (UNA) |

## MEMORANDUM OPINION

Plaintiff has filed a Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  The Court grants Plaintiff's IFP Application, and for the reasons discussed below, dismisses this action without prejudice.

At the outset, the Court notes that Plaintiff attempts to bring this action on behalf of the United States as a *qui tam* action, *see* Compl. at 1, which he may not do.  Whistleblowers are generally authorized to bring *qui tam* actions under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3732, "an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003).  The FCA authorizes a private individual, as a relator, "to bring [a *qui tam*] action in the Government's name, and to recover a portion of the proceeds of the action, subject to the requirements of the statute." *U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204, 1206 (D.C. Cir. 2011) (citations omitted); 31 U.S.C. § 3730.  However, in federal court, a plaintiff generally must "plead and conduct their own cases personally or by counsel[,]" 28 U.S.C. § 1654, and in a *qui tam* action, the United States is "the real party in interest," *Cobb v. California*, No.

15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015).  Therefore, a "*pro se* plaintiff may not file" on its behalf. *Jones v. Jindal*, 409 Fed. App'x. 356 (D.C. Cir. 2011) (per curiam); *see Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) (noting that "every circuit that has [addressed the issue] is in agreement that a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government.") (citing cases).  This rationale is rooted in the well-founded principal that a *pro se* litigant can represent only himself in federal court.  *See* 28 U.S.C. § 1654; *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted).

In other words, because Plaintiff appears to be proceeding *pro se*, he has neither a constitutional nor a statutory right to pursue the claims of the United States, or anyone else, without counsel.  Although Plaintiff purports to be an attorney, *see* Compl. at 1–2, he has failed to provide any of his identifying bar information as required, *see* D.C. LCvR 5.1(c)(1), (g), 83.2(a)–(c), nor is there any public record of him being barred to practice law in a D.C. court.[1]  Moreover, the allegations presented by Plaintiff in this matter do not bear any relevance to an FCA claim.  *See generally* Compl.

Assuming *arguendo* that Plaintiff is an attorney authorized to practice law in this District, or alternatively, that he brought this case individually *pro se*, his claims would nonetheless fail to survive.  Plaintiff sues local Pennsylvania and New York entities and officials, presiding state and federal judges, and attorneys, connected by their respective involvement in state criminal and domestic proceedings, and Plaintiff's other challenges arising therefrom.  *See id*. at 1–8.  He alleges

---

[1] *See* U.S.D.C. Bar Member/Attorney Information Lookup, https://www.dcd.uscourts.gov/bar-memberattorney-information-lookup (last visited and searched on 12/23/25); Search for a Member of the D.C. Bar, https://my.dcbar.org/MemberDirectoryPage (last visited and searched on 12/23/25).

wrongs arising from those proceedings, *see id.* at 1–2, 4–19, and he demands damages and assorted equitable relief, including voiding a New York State Family Court order that removed from his minor child from his custody, *see id.* at 20.

First, federal district courts generally lack jurisdiction to review or interfere with judicial decisions by state and local courts, which is precisely what Plaintiff asks this Court to do. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). The *Rooker-Feldman* abstention doctrine "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are inextricably intertwined with the issues that were before the state court." *Araya v. Bayly*, 875 F. Supp. 2d 1, 3 (D.D.C. 2012) (citation and internal quotation marks omitted), *aff'd*, No. 12-7069, 2013 WL 500819 (D.C. Cir. Jan. 18, 2013). And the domestic relations exception specifically deprives a federal district court of the power to issue such decrees, as state custody determinations must be contested in the local court where the proceedings were held. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (child custody issues uniquely suited to resolution in local courts).

Similarly, this Court lacks subject matter jurisdiction to review any of the decisions or actions of another federal district court, or to exert jurisdiction over its judges. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may review the actions of judges or officers of another federal court), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629

F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995). Plaintiff asks this court to undermine the determinations of the District of New York by attempting circumvent what happened there by filing suit here, which he cannot do. *See Wade v. Admin. Off. of U.S. Courts*, No. No. 24-01123, 2024 WL 2746831, at *2 (D.D.C. May 24, 2024) ("Although plaintiff has filed an action for damages, in doing so, he obliquely asks this court to enter a judgment that would undermine the determinations of the Northern District of California. In other words, plaintiff has attempted to circumvent his barring order in the Northern District of California by filing suit here, which he cannot do.") (citing Fed. R. Civ. P. 12(h)(3)).

Finally, this matter presents no connection to the District of Columbia. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). Here, none of the alleged events occurred in this District, nor are any of the Defendants located here.

For these reasons, this case is dismissed without prejudice, and it shall be unsealed, *see* 31 U.S.C. § 3730(b)(2). A separate Order accompanies this Memorandum Opinion.

Date: December 29, 2025

/s/_____
ANA C. REYES
United States District Judge